May it please the court, Brad Bogan for Justin Narvaiz-Gonzalez. Mr. Narvaiz was convicted of transporting aliens and when calculating his sentencing guidelines range, the district court plainly erred by including an enhancement under guideline 2L1.1B6 for reckless endangerment. That enhancement applies if the defendant intentionally or recklessly created a substantial risk of death or serious bodily injury to anyone. Now here the assertive basis for the enhancement was that, just to back up, Narvaiz was driving a Cadillac Escalade and there were ten people in the vehicle, he and his co-defendant and then eight aliens. So the assertive basis for the enhancement was that there were people seated in areas of the vehicle where there were no seats, such as the cargo area, that there were more occupants than seats, and that Narvaiz did not have a valid driver's license. So the driver's license perhaps played a role in that as well, did he have an expired driver's license or did he have a driver's license from another country? Is that in the record or did he just never had a driver's license? The record is unclear on that. Okay. Is there any record that he was driving recklessly or that he didn't look to be able to drive because he didn't have a valid driver's license? No. Nothing in the record that he was swerving or violating the traffic laws or anything like that because of his alleged inexperience for lack of having a license? No, there's nothing in the record about that. Okay, and the district court didn't make any comments about that? No. Did it just say in a summary, no valid driver's license, or was there any elaboration at all? No. Okay. No, there was no objection. Okay, but it was part of the sentencing that he had no driver's license. I don't remember if that fact was... It's part of the PSR. It is in the PSR. Yes, it is in the PSR. And so that is something the judge considers. The judge accepts the PSR and considers that, whether the judge comments in it or not, right? And so how is it plain error to conclude that somebody who does not have a driver's license is reckless? Well, this case is materially the same as Costello-Palma, which is a recent published decision from this court. There there were excess people in the vehicle. There were nine people in a Ford Explorer that could seat seven, and Costello also didn't have a driver's license. Right, but there was no discussion of that in the discussion of recklessness. And the PSR in that case did not mention the lack of a driver's license, whereas this one does. So this is a different case. They did not rule on, is the driver's license, absence of driver's license reckless? They mentioned it as part of the facts and then went on to discuss recklessness as solely the issue of the number of the people in the cars. And as I said, the PSR in that case does not mention the lack of driver's license. So I do not think we have any case law that says... We do have case law that says an airplane lack of license is, in fact, recklessness. And we don't have a case that says a lack of a driver's license is not reckless. So again, how can it be plain error? I'm not saying we couldn't ultimately determine that you don't need a driver's license to drive, although I think that's a bit odd. But we could make that determination. But we haven't. So how is it plain error? Well, whether or not the PSR in Costello-Palma mentioned the lack of driver's license or whether the court mentioned that in its legal analysis, the fact remains in Costello-Palma, as the court said, he didn't have a valid driver's license. And in Costello-Palma, there were two people more than the vehicle could carry. Those are the only facts that the PSR identified as relevant to the enhancement. And on this court's case law, that's not enough. The risk posed by the defendant's conduct must be greater than that than any of the risks that an ordinary passenger would face unbelted in a moving vehicle. So your position is that the placement of a description of a fact in the PSR should not determine whether this case follows the published opinion or not? Whether it happened to be in the PSR in a previous case, no, I don't think that makes a difference, given the fact that in the published opinion it says there was no valid driver's license. But it did not discuss that at all as part of the recklessness, so it obviously was not raised either in the district court as part of the recklessness or in the appellate court. So it was not an issue. Here it is. It was raised in the district court in the PSR, and it's raised on appeal. So the question is, are we just looking at when you have one or two more people in the car, it's not reckless, or are we adding the driver's license to the mix? And if we do, I'm still asking, how is that plain error? I understand your argument about Costello-Palma, and that's fine. Do you have any other argument on that point? I don't have any other argument other than that the facts are materially the same as Costello-Palma, and that means that the error should be plain here. And the district court did not find any recklessness based upon the driver's license. Did the district court determine there was any recklessness on the driver's license? No. I mean, the enhancement is 2L1B6. Is that the enhancement that is at issue here? Yes. And I believe the commentary says that it applies only if the offense involved intentionally or recklessly created a substantial risk of death or serious bodily injury to another person. So does the lack of a driver's license create a substantial risk of death or bodily injury to those that were in the car? No, I don't believe it does. Simply because somebody doesn't have a driver's license doesn't mean that they know how to drive or that they're operating a vehicle in a reckless manner. Well, are we somehow limited or at least curtailed in what we might hold by the commentary that requires a substantial risk of death or serious bodily injury before you can apply the enhancement? Yes, that's correct. And that comes from the Supreme Court's decision in Stinson v. United States, which is that guidelines commentary is binding unless it's clearly inconsistent with the text of the guideline itself. And here there is no inconsistency with the text in 2L1.1B6. And so, yes, that commentary is controlling. And here on these facts and on similar facts in other cases, there is no risk of death or serious bodily injury. Well, I'll mention Costello-Palma said the question in that case was, quote, whether as a matter of law the fact that the vehicle contained nine passengers despite only being rated for seven was sufficient to apply this enhancement, close quote. That is what they considered and they said no. So they were not ruling on this question. So getting back to the driver's license, I'm well aware that I might have a license and then just not get it renewed so I don't have a current driver's license and yet I've been driving for, you know, we won't say how many years, but a long time. Okay. And I get that that would not be particularly dangerous, but I also get that somebody could have had their license revoked for being drunk all the time. Somebody could have never gotten a license because they don't know how to drive. So again, when we're talking about plane error, I'm still struggling with how we have to just say the license doesn't matter when we're talking about plane error. I mean, the lawyer in this case was asked, do you have any objections or changes? And the lawyer said no. So the judge wasn't able to consider this issue and able to get more facts developed and so on on this. So again, how can you show it's plane error that this person does know how to drive and really could have gotten a license, just didn't? Well, on the factual development question, no, there was no objection, but, and the government knows this, it has the burden of proof to establish the factual basis for any increase in the guidelines range. And that's been the law for a long, long time. And so the government seemed to be content to rely on this, but it wasn't enough. And so no, there was no more factual development, but that falls as much on the government as it does on the defense for failing to object. But the PSR can be accepted as the facts. And so what I'm saying is, we don't know what the law is on the question of whether having or not having a driver's license is reckless. If you had wanted to develop facts to say, well, maybe most of the time it's reckless, but this guy just, you know, had just let it get expired the week before, or he had a driver's license from another country where it's even harder to get or, you know, whatever. So when the PSR has facts that the defendant wants to rebut, the defendant needs to do that. And I'm just trying to understand this. Well, this isn't a matter of rebutting. So this goes to the standard of review here. So generally, this court will review factual determinations, underlying guidelines, application for clear error, and it will review the application of a guideline to those facts de novo. Now, in a situation such as this, where it's application of the guideline to undisputed facts, and there are no facts in dispute here, that's pure de novo review, and that comes from Solis-Garcia. Right. There's no deference to the PSR's determination about the consequence of facts, is there? No. No, there's not. That's a legal question that's for the district court and on appellate review for this court. But there is a deference to the facts, unless they've been rebutted. Well, and we're not disputing the facts, and the only fact here is that he didn't have a valid driver's license. Now, yes, Costello-Palma didn't mention that in the legal analysis portion of the opinion, but presumably, if that bare fact, not having a valid driver's license, was relevant, and if it was negative and weighed against or weighed in favor of applying the enhancement, presumably, Costello-Palma would have said so. But it wasn't raised by either party, and it isn't what the court said they were addressing. Just the nine passengers versus seven. That's all the court said it was addressing. So obviously, no one raised that issue. Well, I don't, I mean, that case was from my office. I don't remember exactly what the arguments were in the briefs, but the fact is there. It's in the opinion, and it's relevant to the decision. And there's no evidence in the case that the court was addressing this driver's license thing, either. The court was just addressing the overcrowding. In this case. In this case. Yeah. Well, I mean, what we have here is the PSR identified some relevant factors, and the court adopted the PSR and applied a sentence within the guidelines range. That's all we have. Anything else, counsel? No. Thank you. We have your argument, and you saved time for rebuttal. Thank you. We'll hear from the government. Good morning. Good morning. May it please the court and counsel, Mara Blatt, for the United States' appellee in this matter. There's really only one point that I want to make today, and that is that the defendant has not met his burden to prove clear or obvious plain error in this case. And that's because there was enough evidence in this case to satisfy the fourth and fifth prong of the Zuniga test, which is that there's no easy exit from the vehicle, and that the bodily injury was beyond that of an ordinary person who was not wearing a seat belt. We're governed by the case that says that just a couple passengers over is not a problem. This is, you could get out of this. This person was not trapped in the, there's nobody trapped in the trunk where they can't get out. We're governed, we are, there are a whole series of cases that this type of extra passengers is not the type of overcrowding, and so I don't understand how you can make that argument here. Well, the numbers are just the beginning of the analysis, okay? Zuniga allows us, says there are five factors, but says that the factors are not in and of themselves limited, and that the court can consider other evidence. But I want to talk very specifically here about Castello and Hernandez and De La Fuente, because those were cases that came down after this case, after briefing closed in this case. The first thing is, and I think this is very critical, is that Castello has somewhat limited value for this court, and not on the factual basis, but because it was on preserved error. And in that sense, we would disagree with what the defendant here has just said. The burden is not on the government to prove the enhancement if there has been no objection. Here both the, the district court, the district court was denied the opportunity to actually consider the facts of the case, in the sense . . . The court was not denied any opportunity, the district court can, if you've been at The district court can ask any questions it wants, based, before it does, applies an enhancement. And particularly where, even before this case, we were having a number of cases where this was an issue. The district court should know that they need to have something in the record to establish there's actual recklessness. The district court is not paralyzed by the lack of discussion by the parties. They know what they have to establish in order to enhance. But here the central issue of the case is about risk. Was there a substantial risk? And here are the facts that tell us that there was. They were, the aliens here were picked up from the river. They were instructed to get into the vehicle quickly, but they were only allowed to enter the vehicle through the rear passenger door. This is the most vulnerable time during a smuggling incident. It's where everybody is exposed to interdiction by agents. But instead of opening the tailgate of the car or opening the other door, there's only one door that is allowed, that they're allowed to enter. And that is also critical because there is evidence in this case that the window in one of the doors was broken. There is a reasonable, plausible inference that arises from this that there was, the tailgate and the other door may not have been working. And that speaks to access and it also speaks to danger. Also the agents- You said at the PSR that the tailgate was not working. No, it's not. But we are- In the district court, how is that a reasonable inference? Okay, moving on. There are other facts. People, the agents said, and I'm quoting here, there were people seated in areas of the vehicles where there were no seats available, such as the cargo area. We know that only one person was in the cargo area. And the agents observed more occupants, that's in the plural, than there were seats in the plural available. That more people- There were 10 seats in the Cadillac, 10 people in the Cadillac. And some were in the area without seats. And are you saying that the placement of particular people was reckless? Because the, isn't it correct that it's three over? Is it three over or two over? This particular Cadillac is rated for seven to eight people, so I'm assuming that it was two over. I'm giving you- Two over. So where is it you're saying the placement of the people in the vehicle is what makes the recklessness? Where are the people that made it reckless? I would say that the placement of the people in the vehicle speaks to risk, and that's really what we're looking at here. And that is important because Costello and Hernandez were both decided on the basis that there was no evidence of blocked egress, but more importantly, there was no evidence of how people in the car were distributed. Here we have that evidence. We know that there was one person in the cargo area, and then there are another seven or eight who are distributed in this rear passenger area. And that's very important for risk because this is like Zuniga, okay, where there were bottles and other things surrounding the people that were in the car. Because people who not only are unrestrained because they don't have seat belts, but people who don't have seats become projectiles if there is an accident, and we know that. And the district court was keenly, this court sees these cases, sees the accidents, sees the serious bodily injuries, sees the death that results from these overcrowded kinds of conditions. What have our cases said about requiring seat belts for those in the car? I'm sorry, I didn't hear the first part. What have our cases said about requiring seat belts in the car, or the lack of seat belts in the car creates a danger that is subject to this enhancement? This court has made it clear that the risk has to be greater than that posed to an ordinary passenger who is not wearing a seat belt. Isn't that more or less what you're saying? You're talking about projectiles. And if you want to put it that way, we have held that making a human projectile does not endanger one. Well, I think in this case there is an inference that arises that there is because we're not only talking about people who are unrestrained. An ordinary passenger who is unrestrained is somebody who's sitting in a seat but not wearing their seat belt. Here we have more than that. We have people who are littered around the vehicle who are unrestrained either by a seat or by seat belt. Are you going to comment on the driver's license issue? The driver's license is, I think, what would be another factor that the court could consider. It does speak to the level of recklessness, of the potential recklessness of the driver. And to that extent, it's important you have a young driver who is unlicensed. There are other factors. You also are on a farm-to-market road where the driving is more difficult. You say a young driver. Was there reference to his age in the record? Yes, he's 24. He was 24 at the time of the incident. And is there any suggestion as to why he did not have a driver's license? No. I mean, in the PSR, it just said he did not have a valid driver's license. Was he a citizen? I'm sorry? Was he an American citizen? Yes, he was a USC. Yes. Also, this is a very risky endeavor, not only because they were smuggling people, but they were also smuggling drugs at the same time. And that increases the anxiety of the smugglers themselves because they do face higher penalties. And there is absolutely clear evidence in this case that Narvaez knew that there were aliens as well as the non-citizens. Am I correct to think that the record indicates that this driver had no previous criminal record? He had no previous criminal record, but he did admit that a month before, he had smuggled three aliens into the United States. And that was counted toward his relevant conduct in the case. So, yes, he did have no prior criminal record, but there was definitely proven evidence of prior criminal activity. And it does demonstrate that his tolerance for risk is now increasing because he starts with three people, and now he has eight people and drugs, and he is continuing to escalate his reckless conduct. Why was—if the failure to have a driver's license was relative to the enhancement, why was it not developed by the government or by the court or by someone else? Why does it just stand alone as an unexplained factor? Judge, that happens in sentencing all the time. In the absence of objection, it's—and it's a little bit difficult to ask the government to then try and prove all of the facts in the PSR if there is no objection made to what's in the PSR. Then it's assumed that the facts are unrebutted, and the district court didn't ask. Does the government contend that it is a relevant factor? Is that your position now? In the absence of a driver's license? It is one factor. With regard to— Explain to me how this is—how this qualifies as creating a substantial risk of a death or serious bodily entry to another person. Well, this goes to not so much to risk. This goes more to recklessness on the part of the conduct of the defendant, and not—and the more reckless the defendant is, the greater the risk. I thought he said somewhere in here that he wasn't going to drive because he didn't have the license, and then he did go ahead and drive it. No. He did not say that? No. That was not in the record. So the government has never contended specifically that the absence of a driver's license was a basis for applying the enhancement that endangered the life or bodily entry of those in a truck? It was not the only factor, and it would not be a—in and of itself, it would not be a sufficient factor without more evidence. But that is an opportunity which the district court was never given. District court was never put on notice that there was any objection to this. This is all unrebutted evidence. And with regard to risk, this is a case which may very well be a close call. However, this court has said that close calls—this court and the Supreme Court has said that a close call is not enough to establish plain error. That's why this case, unlike Castello and Hernandez, is more like De La Fuente, where the panel, this court's panel, said there's no clear or obvious error here. There's enough evidence to get us past that determination. If there are no more questions, I would just say in short that this government—the government does maintain that this case is more like De La Fuente, that there was evidence that undercuts any finding of clear or obvious error, and that the sentence should be affirmed. Thank you. Counsel, do you have rebuttal? Actually, two. One, the government suggested that Narvaez knew the other aliens had drugs on them. According to the PSR, his post-arrest statement, he indicated none of the undocumented aliens he picked up on that trip. Let me take that back. That's about—I think that's about the previous trip, so never mind. Second point, the government seems to be suggesting that this is on a clear error standard of review. It's not. As Solis-Garcia says, when you have application of this particular enhancement to undisputed facts, review is de novo. The facts are undisputed here. They're materially the same as Hernandez and Costello-Palma, and so the same result should happen here. So you're saying it's not plain error review? Well, it's plain error, but as to the error prong of plain error, that's de novo review. So there's error, must be plain, affect substantial rights, and then warrant correction. So at the first prong, was there error, that question is reviewed de novo. Okay, but whether it was clearly clear, whether we—I mean, we're all sitting here debating this driver's license thing, and I'm more and more wondering, like, is it clear what the law is on that? I don't have any other answer than the one that I gave. Yeah, I appreciate that. You gave a thorough answer. Thank you. Thank you. Thank you. This case is submitted. We call the next case for—